UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE WILLIAMSON,

    Petitioner,

v.                                     Case No: 2:19-cv-857-SPC-MRM
                                       Case No: 2:17-cr-48-SPC-MRM

UNITED STATES OF
AMERICA,

    Respondent.
_____/

**OPINION AND ORDER**[1]

Before the Court is Petitioner Willie Williamson's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 1), the United States' Response (Doc. 7), and Williamson's Reply (Doc. 11).[2]

## BACKGROUND

On April 26, 2017, Williamson was charged with seven drug and gun charges. (Cr-Doc. 1). On September 14, 2018, the United States filed a three-count Superseding Information, charging Williamson with: (1) possessing with intent to distribute and distributing Carfentanil, a Schedule II controlled

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court cites to documents from the civil docket as (Doc. _) and documents from the criminal docket as (Cr-Doc. _).

substance, in violation of 21 U.S.C. § 841(a)(1); (2) possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g); and (3) using, carrying, or possessing a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Cr-Doc. 41). Williamson pled guilty to all three charges.

In a Plea Agreement, Williamson admitted the following facts: Between 1992 and 2014, he was convicted of six felonies. On four occasions in October 2016, Williamson sold controlled substances to a confidential informant. The charges in the Superseding Information stem from a transaction on October 18, 2016. Williamson sold the informant 7.72 grams of Carfentanil and a loaded pistol. (ECF 21-23). On January 28, 2019, the Court accepted Williamson's plea and sentenced him to 146 months imprisonment. (Cr-Doc. 62). Williamson did not appeal the judgment or sentence.

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would

entitle him to relief. *Id.* However, the alleged facts must be reasonably specific and non-conclusory. *Aron,* 291 F.3d at 715 n.6; *see also Allen v. Sec'y, Fla. Dep't or Corr.,* 611 F.3d 740, 745 (11th Cir. 2010), *cert denied,* 563 U.S. 976 (2011). Further, if the allegations are "affirmatively contradicted by the record" and "patently frivolous," the court need not hold an evidentiary hearing. *Id.*

Williamson does not request an evidentiary hearing. (*See generally* Doc. 1). But the Court recognizes its obligation under 28 U.S.C. § 2255(b) and independently finds an evidentiary hearing is not warranted.

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)). The petitioner bears the burden of proof on a § 2255

motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

### B. Effect of a Guilty Plea

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson,* 397 U.S. 759, 770 (1970)).

### C. Procedural Default

Generally, a § 2255 petitioner may not raise a ground in a habeas proceeding if he failed to raise it on direct appeal. *Fordham v. United States,* 706 F.3d 1345, 1349 (11th Cir. 2013). This procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). But there are two exceptions: "(1) cause and actual prejudice, and (2) actual innocence." *Fordham,* 706 F.3d at 1349.

The first exception requires the petitioner to "show both (1) 'cause' excusing his…procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010).

The second exception is narrow. "To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley*, 523 U.S. 614, 623 (1998)). The Supreme Court has noted "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. 614.

## DISCUSSION

Williamson raises two grounds. He did not raise either argument before the Court entered judgment or on direct review. He explains that his attorney did not file an appeal, despite Williamson's request. The Court need not decide whether this cause excuses Williamson's default because he has not shown actual prejudice.

In Ground One, Williamson asserts legal innocence of Count 3—using, carrying, or possessing a firearm during and in relation to a drug-trafficking

crime—because the amount of drugs he sold did not meet the threshold for a drug-trafficking crime. Williamson cites Florida's trafficking statute, which includes a weight element. *See, e.g.,* Fla. Stat. § 893.135(b)(1) ("Any person who knowingly sells...28 grams or more of cocaine...commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine'"). But Florida law is irrelevant here. 18 U.S.C. § 924(c)(1)(D)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" That includes Count 1 of the Superseding Information, to which Williamson pled guilty. Because Ground One lacks merit, Williamson cannot show actual prejudice. What is more, Williamson's claim of innocence rests on a misunderstanding of the applicable law. He does not claim *factual* innocence. The Court denies Ground One because it is procedurally barred and entirely without merit.

In Ground Two, Williamson attacks the knowing and voluntary nature of his guilty plea to Count 2—possessing a firearm and ammunition as a convicted felon—because he was not correctly informed of each element of the crime. In the Plea Agreement, Williamson acknowledged that Count 2 has two elements:

> First:   the defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce; and

> <u>Second</u>:   before possessing the firearm or ammunition, the defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year.

(Cr-Doc. 42 at 3).  Williamson argues the second element should have included a scienter requirement—that is, it should have required that Williamson knew he was a felon.  In *Rahaif v. United States*, the Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. 2191, 2200 (2019).  But the omission in the plea agreement did not prejudice Williamson because he admitted that he was convicted of six felonies between 1992 and 2014, thus satisfying the requirement that he knew of his status as a felon.  This admission also undercuts any claim of *factual* innocence.  The Court thus denies Ground Two as procedurally barred.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard*

*v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Williamson has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Petitioner Willie Williamson's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk shall enter judgment, terminate all motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida February 8, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record